**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| In the Matter of: | No. 14-13468 |
| | Honorable Judge Timothy A. Barnes |
| Robbie A. Austin, | |
| | Chapter 13 |
| Debtor | |

## OBJECTION TO CONFIRMATION OF PLAN

Creditor, Urban Partnership Bank, N.A. ("UPB"), as successor in interest to the Federal Deposit Insurance Corporation ("FDIC"), as Receiver for ShoreBank ("ShoreBank"), its attorneys, Aronberg Goldgehn Davis and Garmisa, hereby objects to confirmation of the proposed Chapter 13 Plan (the "Plan") of Robbie A. Austin (the "Debtor"), and states in support as follows:

## BACKGROUND

### The Commercial Loan

1.      UPB is the holder of a certain promissory note (the "First Note") executed by the Debtor on or about November 4, 2002, in the principal amount of $200,000.00.

2.      Contemporaneously with the execution of the Commercial Note, the Debtor executed and delivered to ShoreBank a certain mortgage (the "Euclid Mortgage") on the real property located at 7846 S. Euclid, Chicago, Illinois 60649 (the "Euclid Property"), to secure the First Note.

### The Consumer Loans

3.      UPB is also the holder of a certain promissory note (the "Second Note") executed by the Debtor and Beverly Austin ("Beverly") on or about July 22, 2004, in the principal amount of $161,800.00.

4.      Contemporaneously with the execution of the First Note, the Debtor and Beverly executed and delivered to ShoreBank a certain mortgage (the "First Dorchester Mortgage") to secure the Second Note on the real property located at 18410 S. Dorchester, Chicago, Illinois 60619 (the "Dorchester Property").  The Dorchester Property is the Debtor's personal residence.[1]

5.      UPB is the holder of a certain Home Equity Line of Credit Agreement and Disclosure (the "Third Note") executed by the Debtor and Beverly on or about September 6, 2007, in the principal amount of $30,000.00.

6.      Contemporaneously with the execution of the Third Note, the Debtor and Beverly executed and delivered to ShoreBank a certain second mortgage (the "Second Dorchester Mortgage") on the Dorchester Property to secure the Third Note.

7.      By virtue of the FDIC's seizure and sale of ShoreBank's assets in August of 2010, UPB is the rightful creditor of the Debtor with respect to the First Note, the Second Note, the Third Note, the Euclid Mortgage and the First and Second Dorchester Mortgages.

8.      Accounting for all principal and interest due, and applying credits for all payments made, the balance due under the First Note, as of the Petition Date, was $332,913.25, with an arrearage in the amount of $147,728.93.

9.      Accounting for all principal and interest due, and applying credits for all payments made, the balance due under the Second Note, as of the Petition Date, was $136,797.07, with no arrearage.

10.     Accounting for all principal and interest due, and applying credits for all payments made, the balance due under the Third Note, as of the Petition Date, was $29,547.89, with no arrearage.

---

[1] UPB has filed two Proofs of Claim; one is for amounts due under the Consumer Loans, and the other for amounts due under the Commercial Loan.

**THE PLAN**

11.      On April 11, 2014, the Debtor filed a petition for relief under Chapter 13 of the

Bankruptcy Code (the "Petition") and a Chapter 13 bankruptcy plan (the "Plan").

12.      The Plan proposes, *inter alia*, that the Debtor shall pay the Chapter 13 Trustee

payments in the amount of $4,999.80 per month, for sixty (60) months (the "Proposed Arrearage

Payments").    Accordingly, the Debtor asserts that the Proposed Arrearage Payments, once

completed, will satisfy the arrearage due to UPB under the First Note in the total amount of

$115,000.00.    Additionally, the Plan proposes that the Debtors will make direct monthly

payments to UPB under the First Note in the amount of $1,800.00, under the Second Note in the

amount of $1,200.00, and under Third Note in the amount of $120.00

13.      However, as of the Petition date, UPB is actually owed $147,728.93 in arrears

(the "UPB Arrearage").    Thus, the Proposed Arrearage Payments will not come close to

satisfying the UPB Arrearage.

**ARGUMENT**

14.      Pursuant to Section 1322(b)(5), a debtor's plan may "provide for the curing of any

default within a reasonable time and maintenance of payments while the case is pending on any

unsecured claim or secured claim on which the last payment is due after the date on which the

final payment under the plan is due." 11 U.S.C. § 1322(b)(5).    However, "a debtor taking

advantage of this option *must* cure the whole default." *In re Everett*, 2013 WL 3757283, ¶ 24

(Bankr. D. Mass. 2013) (emphasis added).    If the plan fails to do so, then it "may not be

confirmed." *Id*.

15.      Therefore, the Plan cannot be confirmed because it would not cure the Debtor's

whole Pre-Petition default under the First Note.

14.     Moreover, "Chapter 13 in the Bankruptcy Code requires feasibility for confirmation." *In re Lewis*, 459 B.R. 281, 288 (N.D. Ill. 2011). Indeed, pursuant to Section 1325(a)(6), a Chapter 13 plan will only be confirmed by the Court if, *inter alia*, "the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 13252(a)(6).

15.     Here, the Plan is not feasible. Specifically, according to the Plan, and Schedules I and J of the Petition, the Debtor's average monthly income, after expenses, is $4,419.00. However, the Plan requires the Debtor to make payments to the Trustee in the amount of $2,240.00, plus payments directly to UPB in the amount of $3,120.00, for a total amount of $5,360.00. However, the Debtor has only $4,419.00 in available funds per month for plan payments. For this reason alone the Plan is not feasible.

16.     Moreover, after post-petition payments directly to UPB under the Plan in the amount of $3,120.00, only $1,956.85 is available to make arrearage payments to UPB. In order to cover the UPB Arrearage, which the Debtor does not account for in the Plan, he would have to make monthly payments in the amount of $2,462.15. This he cannot do.

WHEREFORE, Urban Partnership Bank, N.A., as successor-in-interest to FDIC, as Receiver for ShoreBank, prays that this Honorable Court enter an Order denying confirmation of the Debtor's proposed Chapter 13 Plan, for entry of an Order dismissing this Chapter 13 case, and for such further and additional relief as this Court may deem just and equitable.

URBAN PARTNERSHIP BANK, as successor-in-
interest to the FDIC, as Receiver for ShoreBank
By: One of its Attorneys

/s/      Jillian S. Cole
          jcole@agdglaw.com

William J. Serritella, Jr. (ARDC #6210001)
Jillian S. Cole (ARDC #6279025)
Aronberg Goldgehn Davis & Garmisa
330 North Wabash, Suite 1700
Chicago, Illinois 60611
(312) 828-9600

CERTIFICATE OF SERVICE

I, Jillian S. Cole, an attorney, hereby certify that I caused a true and correct copy of this Notice and Motion to be served on the attached service list as indicated from my offices located at 330 N. Wabash Avenue, Chicago, Illinois 60622, on this the 15th day of May, 2014.

/s/      *Jillian S. Cole*

**SERVICE LIST**

| | |
|---|---|
| **VIA ECF ELECTRONIC FILING**:<br><br>*Attorney for Debtors*<br>**Martin A. Lear**<br>Law Offices of Ernesto Borges<br>105 West Madison<br>23rd Floor<br>Chicago, IL 60602<br>notice@billbusters.com | |

*Trustee*
**Marilyn O Marshall**
224 South Michigan Ste 800
Chicago, IL 60604
312-431-1300
courtdocs@chi13.com

**BY FIRST CLASS MAIL**

*U.S. Trustee*
**Patrick S. Layng**
Office of the U.S. Trustee, Region 11
219 S Dearborn St., Room 873
Chicago, IL 60604
USTPRegion11.ES.ECF@usdoj.gov

*Debtor*
Robbie A. Austin
8410 S. Dorchester
Chicago, IL 60619-6433