# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In the Matter of: | No. 14-13468 |
| | Honorable Judge Timothy A. Barnes |
| Robbie A. Austin, | |
| | Chapter 13 |
| Debtor | |

## NOTICE OF MOTION

To:   See the Attached Service List

**PLEASE TAKE NOTICE** that on June 2, 2014 at 9:30 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Timothy A. Barnes, or any judge then sitting in his stead, in Courtroom 613 of the United States Bankruptcy Court, Everett McKinley Dirksen Building, 219 S. Dearborn St., Chicago, Illinois, and then and there present the **Motion for Relief from the Automatic Stay** as to 7846 S. Euclid, Chicago, Illinois 60649, a copy of which is attached hereto and served upon you. You may appear and be heard if you so choose.

Respectfully submitted,

URBAN PARTNERSHIP BANK, as successor-in-interest to the FDIC, as Receiver for ShoreBank,

By:   /s/ *Jillian S. Cole*
        One of its Attorneys

CERTIFICATE OF SERVICE

I, Jillian S. Cole, an attorney, hereby certify that I caused a true and correct copy of this foregoing Notice and Motion to be served on the attached service list as indicated from my offices located at 330 N. Wabash Avenue, Chicago, Illinois 60611, on this the 19th day of May, 2014.

/s/     *Jillian S. Cole*

**SERVICE LIST**

| **VIA ECF ELECTRONIC FILING**:<br><br>*Attorney for Debtors*<br>**Martin A. Lear**<br>Law Offices of Ernesto Borges<br>105 West Madison<br>23rd Floor<br>Chicago, IL 60602<br>notice@billbusters.com | |
|---|---|

*Trustee*
**Marilyn O Marshall**
224 South Michigan Ste 800
Chicago, IL 60604
312-431-1300
courtdocs@chi13.com

*U.S. Trustee*
**Patrick S. Layng**
Office of the U.S. Trustee, Region 11
219 S Dearborn St., Room 873
Chicago, IL 60604
USTPRegion11.ES.ECF@usdoj.gov

**BY FIRST CLASS MAIL**

*Debtor*
Robbie A. Austin
8410 S. Dorchester
Chicago, IL 60619-6433

Case 14-13468    Doc 14    Filed 05/19/14    Entered 05/19/14 15:29:03    Desc Main
                        Document      Page 3 of 8

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In the Matter of: | No. 14-13468 |
| | Honorable Judge Timothy A. Barnes |
| Robbie A. Austin, | |
| | Chapter 13 |
| Debtor | |

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Creditor, Urban Partnership Bank ("UPB"), as successor in interest to the Federal Deposit Insurance Corporation ("FDIC"), as Receiver for ShoreBank, by and through its attorneys, Aronberg Goldgehn Davis & Garmisa, moves this Honorable Court pursuant to 11 U.S.C. §362(d) for an Order granting Urban Partnership Bank relief from the automatic stay as to 7846 S. Euclid, Chicago, Illinois 60649, and in support thereof, states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the U.S. District Court for the Northern District of Illinois, Eastern Division.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2), and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The relief requested herein is predicated upon 11 U.S.C. §§ 361, 362, 363, as well as Fed. R. Bankr. P. 4001 and 6007(b).

### PARTIES AND BACKGROUND

3.      On April 11, 2014 (the "Petition Date"), Robbie A. Austin (the "Debtor") filed for relief under Chapter 13 of the United States Bankruptcy Code (the "Code").

4. The Debtor was at the time of the transaction described below, and is still today, the record owner of the real property commonly known as 7846 S. Euclid, Chicago, Illinois 60649 (the "Property").

5. UPB claims a valid security interest in the Property that serves as collateral for certain indebtedness owed by the Debtor to UPB. More specifically, UPB is the beneficiary and holder of:

  a. A promissory note executed by the Debtor on November 4, 2002, evidencing a loan made by UPB's predecessor-in-interest, ShoreBank, to the Debtor in the original principal amount of $200,000.00 (the "Note"). A true and accurate copy of the Note is attached hereto as Exhibit A.

  b. A mortgage on the Property (the "Mortgage") to secure repayment of the indebtedness due under the Note. A true and accurate copy of the Mortgage is attached hereto as Exhibit B.

6. The Debtor is in default under the Note because he has failed to make the required monthly payments due and owing thereunder on and after October 1, 2010. The default under the Note also constitutes a default under the Mortgage.

7. As of the Petition date, the balance due under the Note was $332,913.25, with arrears in the total amount of $147,728.93.

8. On November 21, 2013, UPB filed a Complaint to Foreclose Mortgage and for Other Relief in the Circuit Court of Cook County, Case Number 13 CH 26174, to foreclose the Mortgage (the "Foreclosure Case").

9. The Foreclosure Case has been stayed automatically by operation of 11 U.S.C. §362 of the Code upon the Debtor's filing of the Petition.

10. On April 11, 2014, the Chapter 13 Plan, (the "Plan") was filed. Pursuant to the Plan, the Debtor proposes to make payments in the amount of $1,916.66 per month, to the Chapter 13 Trustee, to cure a total arrearage to UPB in the amount of $115,000.00. Additionally,

the Debtor agreed to make the current monthly payments due under the Note directly to UPB in the amount of $1,800.00.[1]

## ARGUMENT

**I.     UPB is entitled to relief from the automatic stay pursuant to Section 362(d)(2) because there is no equity in the Property, and the Property is not necessary for effective reorganization.**

11.     Pursuant to § 362(d), a party in interest may receive relief from the automatic stay with respect to a stay of an action against property under subsection (a) if: (A) the debtor does not have equity in the property; and (B) the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d).  Under the circumstances present here, UPB is entitled to relief from the automatic stay under 11 U.S.C. Section 362(d)(2).

12.     The Debtor has no equity in the Property.  The current value of the Property, according to the Schedule A of the Debtor's Petition, is $91,000.00.  The indebtedness to UPB as of the Petition date, in the amount of $332,913.25, clearly exceeds the Property's value.

13.     In addition, the Debtor will almost certainly not be able to successfully reorganize because the proposed plan is not feasible.  Specifically, according to the Plan, and Schedules I and J of the Petition, the Debtor's average monthly income, including income generated by the Property, is $9,864.00, with monthly expenses of $5,445.00.  Therefore, there is only $4,419.00 available for monthly arrearage payments to the Trustee, as well as direct payments to UPB. However, in order to cover the full arrearage under the Note, which the Plan does not account for, the Debtor will have to make monthly payments to the Trustee under the Plan in the amount of $2,462.14, plus post-petition payments directly to UPB in the amount of $3,120.00. The

---

[1] The Debtor also agrees in the play to make additional current monthly payments under two consumer loans that he has with UPB, in the total amount of $1,320.00.

Debtor undisputedly cannot afford to make $5,582.14 in plan payments to UPB.[2]  Therefore, a successful reorganization here is impossible.

## CONCLUSION

14.    For the reasons stated herein, UPB is entitled to relief from the automatic stay pursuant to Section 362(d)(2) to proceed with the Foreclosure Case to complete the foreclosure of the Mortgage.

15.    This Court has authority to order that the ten-day stay provision of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is not applicable to the Order entered granting this Motion, and UPB so requests this Court to waive such provision.

16.    The Required Statement to Accompany all Motions for Relief From Stay and a Proposed Order is attached hereto.

17.    In the event the stay is modified, UPB requests this Court find that Rule 3002.1 is not applicable with respect to UPB because the loan secured by the Property described herein will not be paid pursuant to 11 U.S.C. 1322(b)(5).

WHEREFORE, Urban Partnership Bank, as successor in interest to the FDIC, as Receiver for ShoreBank, respectfully requests this Honorable Court enter an Order pursuant to 11 U.S.C. § 362(d)(2) modifying the automatic stay, and for such other and further relief as this Court may deem necessary and just.

---

[2] This amount does not take into account the Debtor's proposed payments to the Trustee and other creditors identified in the Plan.

Respectfully submitted,

URBAN PARTNERSHIP BANK, as successor-in-interest to the FDIC, as Receiver for ShoreBank,

By:     One of its Attorneys
       /s/ Jillian S. Cole
       jcole@agdglaw.com

William J. Serritella, Jr. (ARDC #6210001)
Jillian S. Cole (ARDC #6279025)
Aronberg Goldgehn Davis & Garmisa
330 North Wabash, Suite 1700
Chicago, Illinois 60611
(312) 828-9600